UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID W. GLAB,

                      Plaintiff,

      -vs-                       **No. 1:16-CV-00914 (MAT)**
                                      **DECISION AND ORDER**
COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

---

## I. Introduction

Represented by counsel, plaintiff David W. Glab ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

## II. Procedural History

Plaintiff protectively filed an application for SSI on May 29, 2013, alleging disability as of May 1, 2013 due to hypertension, cervical spine impairment, pseudocyst, and hernia. Administrative Transcript ("T.") 56-57. Plaintiff's application was initially denied. T. 70-73. At Plaintiff's request, a hearing was held

before administrative law judge ("ALJ") Donald T. McDougall on January 26, 2015, at which Plaintiff appeared with an attorney. T. 26-54. On April 1, 2015, the ALJ issued an unfavorable decision. T. 8-23. On September 15, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision. T. 1-7. This action followed.

**III. The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 29, 2013, the date of his application. T. 13.

At step two, the ALJ found that Plaintiff suffered from the severe impairments of chronic pancreatitis, pseudocyst, and cervical stenosis, and the non-severe impairment of diabetes mellitus. T. 13-14. The ALJ further found that Plaintiff did not have a medically determinable mental health impairment. T. 14.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. *Id.* The ALJ particularly considered Listing 1.04 (disorders of the spine) and section 5.00 (medical listings for digestive disorders) in reaching this conclusion. T. 14-15.

Before proceeding to step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), with the following additional limitations: must be able to change positions briefly (for one to two minutes) at least every half-hour; cannot kneel, crawl, or climb ladders, ropes, or scaffolds; and cannot perform more than occasional balancing, stooping, crouching, or climbing stairs or ramps. T. 14.

At step four, the ALJ relied on the testimony of a vocational expert ("VE") to find that Plaintiff was capable of performing his past relevant work as a ceramics machine operator. T. 19. Accordingly, the ALJ did not proceed to step five, but found that Plaintiff was not disabled as defined in the Act. T. 19-20.

**IV. Discussion**

    **A.   Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole

record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

In this case, Plaintiff argues that the ALJ's RFC finding was not supported by substantial evidence. Specifically, Plaintiff contends that (1) the medical evidence of record does not support the conclusion that Plaintiff can perform light work, (2) the ALJ failed to properly assess the opinions of treating physician Dr. Vladan Radovic and evaluating occupational therapist ("OT") Janice Moffett, and (3) the ALJ failed to appropriately consider Plaintiff's subjective symptoms and chronic pain. The Court has considered these arguments and, for the reasons set forth below, finds them without merit.

### B. Capacity to Perform Light Work

Plaintiff argues that the medical evidence of record does not support the conclusion that he is capable of light work. In particular, Plaintiff alleges that the ALJ failed to consider Plaintiff's limitations on a function-by-function basis and relied

4

on his own lay opinion in determining Plaintiff's RFC. Plaintiff's argument is without merit.

As a threshold matter, Plaintiff has failed to demonstrate that the ALJ failed to perform a function-by-function analysis in this case. The ALJ specifically considered Plaintiff's abilities to "sit, stand or walk continuously for extended periods," to "perform more than light level lifting or carrying," and to "engage in certain postural activities" in considering his RFC. T. 15. These are precisely the sorts of functions identified in Social Security Ruling ("SSR") 96-8p and 20 C.F.R. §§ 404.1545(b) and (c) as requiring consideration by an ALJ in his RFC assessment.

Moreover, even assuming *arguendo* that the ALJ had failed to perform a function-by-function analysis, any such error was harmless. "Where an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, . . . remand is not necessary merely because an explicit function-by-function analysis was not performed." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013); *see also Goodale v. Astrue*, 32 F. Supp. 3d 345, 357 (N.D.N.Y. 2012) ("[A]n ALJ's failure to provide a function-by-function analysis...constitute[s] harmless error, provided that the absence of the analysis did not frustrate meaningful review of the ALJ's overall RFC assessment.").

5

Here, the ALJ thoroughly considered and analyzed the medical evidence of record and set forth in detail the basis for his RFC finding. In particular, the ALJ explained that the objective medical evidence of record showed that Plaintiff had only minor physical impairments. For example, electrodiagnostic studies of Plaintiff's upper extremities conducted in April 2010 and May 2012 showed only mild sensory neuropathy and no evidence of radiculopathy. T. 16 (referring to T. 213-20). Additionally, CT scans performed in June 2012 showed evidence of chronic pancreatitis and mild ileus, but the overall appearance of the pancreas was stable. T. 272.

The ALJ further noted that physical examinations of plaintiff during the relevant time period were largely unremarkable. T. 16. In 2012 and 2013, Plaintiff's physicians noted that his gait and station were normal, as were his deep tendon reflexes, and that he was not in distress. *See, e.g.,* T. 228, 230, 233, 237, 240, 243. At a visit in October 2012, Plaintiff reported that his pain relief was adequate and that his prescribed medications provided him with 80% relief. T. 236. Similarly, at appointments in November 2012 and June 2013, Plaintiff reported 70% pain relief. T. 226, 238. The relative minor findings of Plaintiff's physicians support the ALJ's conclusion that Plaintiff was capable of light work.

The ALJ also properly relied upon the opinion of consultative physician Dr. Donna Miller, who examined Plaintiff on July 25, 2013. T. 274-77. On physical examination, Plaintiff was in no

acute distress, had a normal gait and stance, and was able to squat fully. T. 275. He had a reduced range of motion in his cervical and lumbar spine, but straight leg raising tests were negative bilaterally. T. 276. Plaintiff had a full range of motion in his shoulders, elbow, forearms, wrists, hips, knees, and ankles bilaterally, and his joints were stable and non-tender. *Id*. Plaintiff had full strength in his upper and lower extremities and no sensory deficits were noted. *Id*. Dr. Miller opined that Plaintiff had mild limitations in repetitive pushing, pulling, lifting, and carrying, and that he should avoid extreme temperatures. T. 277.

The ALJ afforded some weight to Dr. Miller's opinion in assessing Plaintiff's RFC. T. 16-17. The ALJ explained that Dr. Miller's opinion was "fairly consistent with the overall medical evidence of record, including the largely benign findings of her own examination." T. 17. However, the ALJ found that Dr. Miller's assessment did not account for Plaintiff's need to change positions periodically and avoid certain postural activities. *Id.*

Dr. Miller's opinion provided substantial evidence for the ALJ's conclusion that Plaintiff was capable of performing light work. It is well-established that "the opinion of a consultative examiner can constitute substantial evidence supporting an ALJ's decision." *Suarez v. Colvin*, 102 F. Supp. 3d 552, 577 (S.D.N.Y. 2015) (internal quotation omitted).

7

The fact that the ALJ's RFC conclusion was more restrictive in some aspects than Dr. Miller's opinion does not change this conclusion, nor does it establish that the ALJ was relying on his own lay opinion. An ALJ assessing a disability claim is required to "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). The ALJ's RFC finding need not "not perfectly correspond with any of the opinions of medical sources." *Id.*; *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999) ("the ALJ's RFC finding need not track any one medical opinion"); *Breinin v. Colvin*, No. 514CV01166LEKTWD, 2015 WL 7749318, at *3 (N.D.N.Y. Oct. 15, 2015), *report and recommendation adopted*, 2015 WL 7738047 (N.D.N.Y. Dec. 1, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion."). Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand. *See Castle v. Colvin*, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) ("the fact that the ALJ's RFC assessment did not perfectly match Dr. Balderman's opinion, and was in fact more restrictive than that opinion, is not grounds for remand"); *Savage v. Comm'r of Soc. Sec.*, No. 2:13-CV-85, 2014 WL 690250, at *7 (D. Vt. Feb. 24, 2014) (finding no harm to claimant where ALJ adopted an RFC determination that was more restrictive than medical source's opinion).

8

The ALJ's conclusion that Plaintiff was capable of performing light work was fully consistent with the medical evidence of record, including Dr. Miller's opinion. Accordingly, the Court finds that the ALJ's RFC assessment was supported by substantial evidence.

**C.   Consideration of Dr. Radovic's Opinion**

Plaintiff also contends that the ALJ improperly assessed the opinion of Dr. Radovic, one of his treating physicians. Dr. Radovic completed a questionnaire on January 13, 2015, in which he opined that Plaintiff would have a number of severe limitations in his ability to perform basic work-related functions, including an inability to sit, stand, or walk for more than two hours in an eight-hour day. T. 341-42. However, when asked to identify the "medical findings [that] support the limitations," Dr. Radovic wrote "no medical findings." T. 341. Dr. Radovic further indicated in this questionnaire that Plaintiff complained of neck pain and lower back pain but had "no abnormalities on exam." T. 342.

In his decision, the ALJ gave Dr. Radovic's opinion little weight. T. 18-19. The ALJ noted that Dr. Radovic himself had stated that his opinion was not based on any medical findings and that there were no abnormalities on Plaintiff's exam. T. 19. The ALJ further explained that the severe restrictions identified by Dr. Radovic were "not supported by the relatively modest objective findings in the record." T. 18.

9

The Court finds no error in the ALJ's consideration of Dr. Radovic's opinion. Under the regulations in place at the time the ALJ issued his decision in this case, a treating physician's opinion was generally entitled to "controlling weight" if it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger*, 335 F.3d at 106. An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

In this case, Dr. Radovic acknowledged that his opinion was not supported by medically acceptable evidence, stating that the limitations he had identified were supported by "no medical findings" and that Plaintiff had "no abnormalities on exam." T. 341-42. The ALJ was therefore not required to afford Dr. Radovic's opinion controlling weight. Moreover, an ALJ may properly discount a treating physician's opinion where it is "not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran*, 362 F.3d at 32. In this case, as the ALJ noted, the severe limitations identified

by Dr. Radovic were inconsistent with the medical evidence of record (including Dr. Miller's examination and opinion) showing relatively minor physical abnormalities. The ALJ therefore appropriately afforded Dr. Radovic's opinion little weight.

### D. Consideration of Occupational Therapist Moffett's Assessment

Plaintiff also contends that the ALJ failed to properly consider an assessment of Plaintiff performed by OT Moffett. This contention is without merit.

OT Moffett evaluated Plaintiff on December 31, 2014, to determine whether he would benefit from occupational therapy. T. 343-44. OT Moffett performed a physical examination of Plaintiff, and noted his complaints of pain. She ultimately concluded that Plaintiff would "not benefit from a formal OT program" because his "limitations are due to pain which will not change with therapy." T. 343.

In his decision, the ALJ noted and discussed OT Moffett's evaluation of Plaintiff, but afforded it little weight. T. 18. The ALJ explained that OT Moffett had not provided a function-by-function assessment of Plaintiff's work-related abilities, but had instead focused narrowly on the issue of whether occupational therapy would be beneficial to Plaintiff. *Id*. The ALJ further explained that OT Moffett's report appeared to be based largely on Plaintiff's own subjective complaints of pain. *Id*.

Occupational therapists are not considered "acceptable medical sources" under the Commissioner's regulations, but are instead "other sources" whose opinions are evaluated using the factors set

11

forth in 20 C.F.R. § 416.927(c). "[T]he ALJ has full discretion to determine the appropriate weight to accord the opinion of an 'other source' based on all the evidence before him." *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 387 (W.D.N.Y. 2015). In this case, the ALJ appropriately exercised his discretion in concluding that OT Moffett's report was based largely on Plaintiff's subjective complaints of pain, which was well-supported by the record. Indeed, OT Moffett repeatedly noted Plaintiff was unable to perform various tasks because he complained of pain. *See* T. 343. An ALJ is not required to accept a medical opinion that is nothing more than a provider's "recording of [the claimant's] own reports of pain." *Polynice v. Colvin*, 576 F. App'x 28, 31 (2d Cir. 2014). Moreover, the ALJ correctly noted that OT Moffett offered no opinion on Plaintiff's current work capacity, but instead focused on the question of whether he would benefit from occupational therapy. Under these circumstances, the Court finds no error in the ALJ's decision to afford OT Moffett's opinion little weight.

    E.    **Credibility Assessment**

Finally, Plaintiff argues that the ALJ did not appropriately consider his subjective complaints of pain, contending that there was "no evidence contradicting the fact that Plaintiff experienced his symptoms at the intensity and frequency that he reported." Docket No. 9-1 at 20. The Court finds this argument without merit.

In assessing a claimant's credibility, an ALJ is instructed to consider whether his subjective claims of pain are "consistent with

12

the medical and other objective evidence." *Wells v. Colvin*, 87 F. Supp. 3d 421, 431 (W.D.N.Y. 2015). "The ALJ's decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." *Cichocki*, 534 F. App'x at 76 (internal quotation omitted). An ALJ is entitled to deference when making credibility findings and can only be reversed if those findings are patently unreasonable. *Andrisani v. Colvin*, No. 1:16-CV-00196 (MAT), 2017 WL 2274239, at *3 (W.D.N.Y. May 24, 2017). "Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence." *Hargrave v. Colvin*, No. 13-CV-6308(MAT), 2014 WL 3572427, at *5 (W.D.N.Y. July 21, 2014) (internal quotation omitted).

In this case, the ALJ found that Plaintiff's subjective complaints were less than fully credible because (1) there were inconsistencies between his testimony and his reports to his physicians, (2) Plaintiff had a sporadic work history, significantly pre-dating his alleged onset date, and (3) Plaintiff's treatment had been conservative, with none of his treating sources recommending surgery and no use of assistive

devices. T. 19. The ALJ's analysis was appropriate and well-supported by the record.

The ALJ correctly noted that Plaintiff's hearing testimony was inconsistent with his reports to his physicians. As the ALJ explained, Plaintiff testified that his medications made him sleepy and groggy, interfering with his ability to work. However, Plaintiff reported on multiple occasions to his physicians that he had no side effects from his medications. *See, e.g.,* T. 298, 317, 329, 334. Inconsistencies between a claimant's "reported symptoms" and the medical evidence of records constitute substantial evidence in support of an adverse credibility finding. *Rock v. Colvin*, 628 F. App'x 1, 3 (2d Cir. 2015).

The ALJ also correctly noted that Plaintiff had a sporadic work history starting in the early 1990s, well before he claimed to have become disabled. *See* T. 124. "[T]he ALJ was permitted to consider Plaintiff's sparse work record in assessing Plaintiff's credibility." *Camille v. Colvin*, 104 F. Supp. 3d 329, 347 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016).

Finally, the ALJ did not err in noting that Plaintiff's treatment was conservative. The ALJ was correct that none of Plaintiff's physician's recommended that he undergo surgery and that he did not require any assistive devices. *See* T. 19. A conservative pattern of treatment is an appropriate factor to consider in assessing credibility. *See, e.g., Rivera v. Colvin*, No. 1:14-CV-00816 MAT, 2015 WL 6142860, at *6 (W.D.N.Y. Oct. 19, 2015) ("[T]he ALJ was entitled to consider evidence that [the

claimant] pursued a conservative treatment as one factor in determining credibility[.]")(citation omitted); *Amoroso v. Colvin*, No. 13-CV-5115 SJF, 2015 WL 5794226, at *10 (E.D.N.Y. Sept. 30, 2015) (ALJ "properly considered [claimant's] daily activities ... and her 'conservative' treatment ... which both suggest that she is capable of performing sedentary work").

In sum, the Court finds that the ALJ appropriately assessed Plaintiff's credibility and gave adequate reasons for finding Plaintiff less than fully credible. The Court therefore finds no basis to disturb the Commissioner's denial of Plaintiff's claim.

**V. Conclusion**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is denied. The Commissioner's motion for judgment on the pleadings (Docket No. 10) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED**.

                             **S/Michael A. Telesca**

                             HON. MICHAEL A. TELESCA
                             United States District Judge

Dated:    July 16, 2018
           Rochester, New York.